IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

SEP 2 9 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:11CR261 |
| | ) | |
| YONIS MUHUDIN ISHAK, | ) | Hon. T. S. Ellis, III |
| | ) | |
| Defendant. | ) | |

STATEMENT OF FACTS

The parties stipulate that the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1. From in and around September 2005 to in and around May 2011, in the Eastern District of Virginia and elsewhere, the defendant, YONIS MUHUDIN ISHAK, did unlawfully, knowingly, and intentionally conspire to distribute a mixture and substance containing a detectable amount of cathinone, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

2. During the course of the conspiracy and in furtherance of his participation in the conspiracy, the defendant worked in concert with others to obtain quantities of khat, which contained cathinone, and to distribute that khat to customers within the Eastern District of Virginia and elsewhere. Specifically, the defendant, who was based in Arlington, Virginia, within the Eastern District of Virginia, was responsible for importing khat which contained cathinone from overseas, and distributing wholesale quantities of khat to various domestic khat distributors in Virginia, Maryland, Ohio, New York, New Jersey, and elsewhere. The defendant

used human couriers and the postal system to import khat from suppliers in England. Once the khat was imported, the defendant distributed, and conspired with co-conspirators to distribute, some of the khat to others in exchange for payment. The conspiracy specifically sought to distribute fresh khat because it was more potent than khat that was not fresh, and was therefore more profitable to sell. Accordingly, during the conspiracy, the defendant and his co-conspirators made efforts to preserve the freshness of the khat they imported and distributed.

3. In furtherance of the conspiracy, the defendant hired human couriers to travel to the United Kingdom, and elsewhere, on pre-paid round-trip tickets to retrieve khat from overseas sources of supply, and smuggle khat back into the United States inside their luggage. Co-conspirator Abdulkadir Isse often was tasked with picking up these couriers from various airports and retrieving the smuggled khat on behalf of the defendant.

4. In addition, the defendant arranged for the shipment of khat into the United States via the U.S. Postal Service, DHL, FedEx and United Parcel Service. To conceal his activities from law enforcement, the defendant would have these parcels shipped to addresses that were not associated with him, including UPS stores in New York, New Jersey and elsewhere. Additionally, the defendant's sources of supply would not address these parcels to the defendant using his real name, but would address the parcels using false names and aliases for the defendant.

5. Once the defendant obtained khat, he would provide the khat to various co-conspirators for re-distribution, including but not limited to: Khaled Isa, Nagi Alashmali, Lutf Albukhaiti and Moheeb Nasser in New York; Abdi Omar Abdi and Abokor Gurreh in Ohio; Harun Salhan and Abdi Muhumed in Maryland; and Suado Ali, Hibo Samantar, Ahmed Hassan,

Hassan Hassan and Ismail Abdi in the Eastern District of Virginia. These distributors would pay the defendant for the khat and/or wire khat proceeds overseas on behalf of the defendant.

6. In furtherance of the conspiracy, the defendant and his co-conspirators would transmit khat proceeds to khat suppliers overseas via various money transfer companies, such as Qaran Express, Amaana Money Transfer, Iftin Express, and Dahabshiil, Inc. The defendant and his co-conspirators frequently used false names and identifiers to send money through these companies to conceal the nature of the funds, and to hide their activities from law enforcement. During the conspiracy, co-conspirator Osman Yusuf was the Northern Virginia branch manager for Dahabshiil, Inc., and Abdirahman Jibril was an employee at the Northern Virginia Dahabshiil branch. The defendant would provide Yusuf and Jibril with personal use quantities of khat in return for their assistance in laundering khat proceeds overseas through Dahabshiil, Inc.

7. It was part of the conspiracy that the defendant and his co-conspirators often communicated over cellular telephones about their khat trafficking operation.

8. The defendant personally distributed, or it was reasonably foreseeable to the defendant that his co-conspirators distributed in furtherance of the conspiracy, at least 4,000,000 grams of khat.

9. The acts taken by the defendant, YONIS MUHUDIN ISHAK, in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offenses charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities. The defendant further acknowledges that he is obligated under

3

his plea agreement to provide additional information about this case beyond that which is described in this statement of facts.

10. The Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: *Mary Daly*
Mary K. Daly
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, YONIS MUHUDIN ISHAK, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
YONIS MUHUDIN ISHAK

I am YONIS ISHAK's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his/her decision to stipulate to these facts is an informed and voluntary one.

_____
Geremy Kamens, Esquire
Attorney for Yonis Muhudin Ishak