IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:11-CR-261 |
| | ) | |
| ABDIRAHMAN ABSHIR JIBRIL, *et al.*, | ) | Honorable T. S. Ellis, III |
| | ) | |
| Defendants. | ) | |

### GOVERNMENT'S MEMORANDUM OF LAW REGARDING THE ADMISSIBILITY OF A STIPULATION CONCERNING DAHABSHIL, INC.

The UNITED STATES OF AMERICA, by its attorneys, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Mary K. Daly, Assistant United States Attorney, Michael J. Frank, Elizabeth L. D. Cannon, and Brian K. Fitzpatrick, Special Assistant United States Attorneys, respectfully submits this Memorandum of Law regarding the admissibility of a "Stipulation Regarding Dahabshiil, Inc," marked as Government Exhibit 67-A, by the government and defendant Osman Yusuf, which defendant Abdirahman Jibril objected to as an alleged violation of his rights under the Confrontation Clause.[1]

---

[1] In an effort to streamline the trial and preserve judicial and government resources, the government has obtained twenty-one stipulations from various defendants regarding various subjects. All of the defendants—including defendant Abdirahman Jibril—have agreed to at least one stipulation, except for defendant Hibo Samantar.

## I. ARGUMENT

**A.      In a joint trial, a stipulation by a co-defendant that does not directly inculpate another co-defendant is admissible if a limiting instruction is given.**

The joinder of multiple defendants in a single indictment is encouraged under the Federal Rules of Criminal Procedure, and defendants indicted together should be tried together. *United States v. Singh*, 518 F.3d 236, 255 (4th Cir. 2008). Moreover, the Supreme Court has stated: "There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials play a vital role in the criminal justice system." *Zafiro v. United States*, 506 U.S. 534, 537, 113 S. Ct. 933, 937 (1993); *United States v. Lightly*, 616 F.3d 321 (4th Cir. 2010) ("The Supreme Court has recognized a strong preference for trying defendants who are indicted together in joint trials."); *United States v. Strickland*, 245 F.3d 368, 384 (4th Cir. 2001) ("Generally individuals indicted together should be tried together.").

In joint trials, some defendants may stipulate to certain facts, while others may not. This Court, however, can sufficiently safeguard a defendant against any possible prejudice in a joint trial by issuing limiting instructions. *United States v. Hayden*, 85 F.3d 153, 160 (4th Cir. 1996). Moreover, the United States Supreme Court and the Courts of Appeals have unanimously held that statements by a defendant become *Bruton* violations that might require severance only when such statements are "powerfully," "facially," and "explicitly" inculpatory with respect to a co-defendant. *Richardson v. Marsh*, 481 U.S. 200, 208, 107 S. Ct. 1702 (1987) (*citing Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620 (1968)); *Lightly*, 616 F.3d at 350 (In *Bruton* "the Supreme Court held that admission of a confession directly inculpating a co-defendant in a joint trial violated the co-defendant's Confrontation Clause rights."); *United States v. Smith*, 46 F.3d 1223, 1227-28 (1st Cir. 1995) (no *Bruton* error where the co-defendant's statement does not

expressly implicate the defendant); *United States v. Prince*, 1999 WL 511003, at *5 (4th Cir. 1999) (unpublished) ("*Bruton* does not mandate severance unless the evidence 'powerfully incriminates' a defendant.  In *Bruton*, the co-defendant directly inculpated the petitioner by stating essentially that 'we committed the crime.'  Here, on the other hand, the challenged passage does not powerfully incriminate" the defendant.).

In the words of the Court of Appeals for the Fourth Circuit: "A *Bruton* problem exists only to the extent that the co-defendant's statement in question, on its face, implicates the defendant."  *United States v. Locklear*, 24 F.3d 641, 646 (4th Cir. 1994) (*citing United States v. Crockett*, 813 F.2d 1310, 1314 (4th Cir. 1987)); *United States v. Campbell*, 935 F.2d 39, 43 (4th Cir. 1991).  A "jury instruction can prevent or cure a Sixth Amendment violation where the proffered statement does not expressly implicate the defendant, but only becomes incriminating by virtue of an inference from other evidence."  *Prince*, 1999 WL 511003, at *5.

That is, after *Richardson v. Marsh*, to be a *Bruton* violation, the statement at issue must be something like : "My co-defendant committed Act A," where "Act A" is an element of a crime charged in the Indictment.  *Prince*, 1999 WL 511003, at *5.  Statements that are not explicitly incriminating can be admitted against the co-defendant so long as a limiting instruction is provided.  *United States v. Rakow*, 286 Fed. Appx. 452, 454 (9th Cir. 2008) ("the statements admitted against her [the declarant-codefendant] did not actually incriminate him [the non-declarant-codefendant], and if they had some slight tendency to do so when coupled with other evidence, they surely did not facially, or powerfully, or expressly, or clearly do so."); *United States v. Sherlin*, 67 F.3d 1208, 1216 (6th Cir. 1995) ("Because Teague's statement was not facially incriminating of Sherlin and could only have been incriminating when linked with other

evidence, this redacted statement did not pose *Bruton* problems."); *see Prince*, 1999 WL 511003, at *5.

The Supreme Court made clear in *Richardson v. Marsh* that a statement about a co-defendant which is not explicitly inculpatory, or which can be made not explicitly inculpatory by redactions, is fully admissible and is not a *Bruton* violation so long as a limiting instruction is also given. *Richardson v. Marsh*, 481 U.S. 200, 208, 107 S. Ct. 1702 (1987) (holding that when a co-defendant's confession does not, on its face, incriminate the petitioner, and does so only when linked with other evidence, it may be introduced at a joint trial with a limiting instruction).

The Courts of Appeals have followed *Richardson v. Marsh* in admitting incriminating statements of co-defendants so long as a limiting instruction is also provided to the jury. *United States v. Lopez-Lopez*, 282 F.3d 1, 13 (1st Cir. 2002); *United States v. Olano*, 62 F.3d 1180, 1195-96 (9th Cir. 1995); *United States v. Rubio*, 709 F.2d 146, 154-55 (2d Cir. 1983); *United States v. Belle*, 593 F.2d 487, 493 (3d Cir. 1979) (en banc) ("When a codefendant's extrajudicial statement does not directly implicate the defendant, however, the *Bruton* rule does not come into play.").

The stipulation to which Jibril objects does not directly implicate Jibril in any crime. It is certainly not "powerfully incriminating." The six propositions to which defendant Osman Yusuf stipulated are:

    1.    Dahabshiil, Inc. is a money service business ("MSB") which transfers currency from the United States to African and Middle Eastern countries, among other places.

    2.    Dahabshiil, Inc.'s corporate headquarters is located in Hilliard, Ohio.

>    3.   At all times relevant to the indictment, Osman Yusuf was the manager of Dahabshiil, Inc.'s Northern Virginia Branch, d/b/a Gedeeye Financial Services, located at 5983 Columbia Pike, Suite 100, Falls Church, Virginia, 22041.
>
>    4.   At all times relevant to the indictment, Abdirahman Abshir Jibril worked at Dahabshiil, Inc.'s Northern Virginia Branch, d/b/a Gedeeye Financial Services, located at 5983 Columbia Pike, Suite 100, Falls Church, Virginia, 22041.
>
>    5.   Abdirahman Abshir Jibril worked under the supervision of Osman Yusuf.
>
>    6.   The Dahabshil, Inc. Policies and Procedures Manual, marked as Government Exhibit 22-I, was found at Dahabshiil, Inc.'s Northern Virginia Branch, d/b/a Gedeeye Financial Services, located at 5983 Columbia Pike, Suite 100, Falls Church, Virginia, 22041.

These statements are not "powerfully," "facially," and "explicitly" inculpatory, as those terms are understood in *Bruton* and *Marsh v. Richardson*, with respect to defendant Jibril or any other co-defendant. *United States v. Angwin*, 271 F.3d 786, 796 (9th Cir. 2001) ("A statement is not facially incriminating merely because it identifies a defendant; the statement must also have a "'sufficiently devastating or powerful inculpatory impact to be incriminatory on its face.'" ). Indeed, these statements do not indicate or suggest that any defendant committed any crime or even acted unethically. *United States v. Locklear*, 24 F.3d 641, 646 (4th Cir. 1994) (noting that a "Bruton problem exists only to the extent that the codefendant's statement in question, on its face, implicates the defendant"). Thus, the stipulation does not violate the Confrontation Clause.[2] Furthermore, to ensure that defendant Abdirahman Jibril is not even tangentially "harmed" by this stipulation, the Court can and should instruct the jury that this stipulation is

---

[2] Admission of the stipulation would not implicate *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004) because the stipulation is not being admitted against defendant Jibril, and he thus has no right to "confront" and cross-examine evidence not admitted against him.

admissible only with respect to defendant Osman Yusuf and cannot be considered with respect to any other defendant.

## II. CONCLUSION

For the foregoing reasons, the United States seeks the admission of the stipulation between defendant Osman Yusuf and the government which has been marked as Government's Exhibit 67-A.

Respectfully submitted,

Neil H. MacBride
United States Attorney

/s/
Mary K. Daly
Assistant United States Attorney
Michael J. Frank
Elizabeth L. D. Cannon
Brian K. Fitzpatrick
Special Assistant United States Attorneys
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3982

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of April, 2012, I electronically filed the foregoing Response with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to counsel of record.

                                                /s/
                                      Brian K. Fitzpatrick
                                      Special Assistant United States Attorney
                                      United States Attorney's Office
                                      Justin W. Williams U.S. Attorney's Building
                                      2100 Jamieson Avenue
                                      Alexandria, Virginia 22314
                                      Phone:  (703) 299-3700
                                      Fax:  (703) 837-8242